## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARK KASSA**, | § | |
| | § | |
| Plaintiff, | § | Civil Action No.: 2:16-cv-13147 |
| | § | |
| v. | § | <u>COMPLAINT</u> |
| | § | |
| **DETROIT TIGERS, INC.**, | § | |
| | § | |
| Defendant. | § | |

YALDO LAW, PLLC
500 S. OLD WOODWARD, SECOND FLOOR
BIRMINGHAM, MI 48009 (248) 645-5300

## <u>COMPLAINT</u>

Mark Kassa, ("Plaintiff"), for his claims against Detroit Tigers ("Defendant") alleges as follows:

## <u>I. NATURE AND SUBSTANCE OF THE ACTION</u>

1.      Plaintiff files this action against Defendant for trademark infringement, trademark dilution, and false designation of origin under the Lanham Act (15 U.S.C. § 1051 et seq); and unfair competition and trademark infringement under Michigan common law.

## <u>II. JURISDICTION AND VENUE</u>

2.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

1

### III. THE PARTIES

4.      Plaintiff, Mark Kassa, is an individual residing at 7547 Autumn Hill Drive, West Bloomfield, MI 48323.

5.      Defendant, Detroit Tigers ("Tigers"), is a Major League Baseball team based in Detroit, Michigan with its principal place of business at 2211 Woodward Avenue, Detroit, MI 48201.

### IV. FACTS COMMON TO ALL CLAIMS

6.      Plaintiff is a musician and entrepreneur providing entertainment services in the form of live musical performances and a music, culture, and entertainment talk show.  In particular, Plaintiff is member of the band "Slight Return" (www.slightreturn.com) and a host of the "Welcome to the D Show" talk show (https://www.youtube.com/user/WelcomeToTheDshow). Additionally, Plaintiff operates an online apparel and accessories store (http://welcometothed.com), that sells various products related to Detroit and music, but specifically including items promoting "Slight Return" and the "Welcome to the D Show".

7.      In connection with those ventures, Plaintiff is the owner of a number of trademarks registered with the United States Patent and Trademark Office. Specifically, Plaintiff is the owner of the mark "Welcome to the D" for "clothing, namely, shirts and hats" (U.S. Registration No. 3,724,089).[1], (hereinafter, the "Mark"), attached hereto as Exhibit A.

---

[1] Plaintiff has also registered the mark "Welcome to the D" for other goods/services, namely (i) "entertainment services in the nature of live musical performances" (US Registration No. 4,117,605), and (ii) "entertainment in the nature of an on-going special variety, news, music or comedy show featuring entertainment news and content broadcast over television, satellite, audio, and video media; entertainment, namely, a continuing music and entertainment news show broadcast over television, satellite, audio, and video media; entertainment, namely, a continuing music and entertainment news show broadcast over television, satellite and internet mediums" (US Registration No. 4,376,110).  Additionally, Plaintiff is the owner of two trademarks for the mark "The D" for i) "clothing, namely, shirts and hats" (US Registration No. 4,316,115) and (ii) "entertainment services in the nature of

YALDO LAW, PLLC
500 S. OLD WOODWARD, SECOND FLOOR
BIRMINGHAM, MI 48009 (248) 645-5300

8.     The foregoing Trademark Registrations for "Welcome to the D" is valid, unrevoked, and constitutes *prima facie* evidence of Plaintiff's ownership of the Mark. The United States Trademark Registrations Plaintiff holds for "Welcome to the D" are the only United States trademark registrations for "Welcome to the D" held by any owner for any products or services of any kind.

9.     Plaintiff has continuously used the Mark in connection with the promotion, advertising, and sale of entertainment services and related apparel and accessories since well before the acts of Defendant complained of herein.

10.     Plaintiff has allocated considerable resources and has dedicated significant effort in promoting and developing the Mark in interstate commerce.  As a result, Plaintiff has established considerable goodwill in the Mark.  The Mark is, accordingly, also a well-known mark for all relevant purposes of trademark law.

11.     On or about September 22, 2010, during a baseball game at Comerica Park, Defendant Tigers held a promotional event during which t-shirts printed with Plaintiff's "Welcome to the D" mark were widely distributed to patrons in attendance at that evening's game (the "Misuse").  This act constituted a wrongful use and misappropriation of Plaintiff's Mark. True and correct pictures of t-shirts and other memorabilia that were distributed that evening and displaying Plaintiff's Mark are attached hereto as Exhibit B.

12.     Defendant is not in any way affiliated with Plaintiff nor did Defendant at any time have any authority to make use of any of the Mark in connection with the event on September 22, 2010 or any other event.

---

live musical performances" (US Registration No. 4,333,876).  Registrations of foregoing were procured after the Misuse.  Therefore, this current complaint focuses on U.S. Registration No. 3,724,089. *See Exhibit A for reproduction of these registrations.*

YALDO LAW, PLLC
500 S. OLD WOODWARD, SECOND FLOOR
BIRMINGHAM, MI 48009 (248) 645-5300

13.     Defendant is advertising and promoting goods using an identical or nearly identical mark. The goods being offered by the Defendant bear an identical name and appearance as Plaintiff's Mark and also constitute a reproduction or imitation thereof which causes confusion to consumers.

14.     The Defendant's Misuse was a misappropriation of the "Welcome to the D" mark, which diluted the distinctiveness and associated goodwill of Plaintiff's Mark.

15.     If Defendant is not enjoined from continued use of the Mark, Plaintiff will suffer irreparable injury to the goodwill Plaintiff has built in the Mark and will be subject to further dilution of the distinctiveness of the Mark.

## V. FIRST CAUSE OF ACTION

### Federal Trademark Infringement under 15 U.S.C. § 1114

16.     Plaintiff re-alleges and incorporates by reference each and every allegation of paragraphs 1-20 of this Complaint as if fully set forth herein.

17.     Plaintiff's Mark is inherently distinctive, arbitrary and suggestive, and has acquired secondary meaning. The public associates the "Welcome to the D" mark exclusively with Plaintiff's entertainment services and related goods.  This is a result of the extensive promotion and use of the Mark by Plaintiff in interstate commerce.

18.     Notably, Plaintiff has exclusive rights to use his Mark on clothing, namely shirts and hats.  However, Defendant used Plaintiff's identical Mark in the commercial offerings of its clothing in the form of t-shirts and accessories (buttons).

19.     Defendant's actions in connection with the Misuse were unauthorized and unlawful actions that constitute a reproduction, counterfeit, copy, or colorable imitation of the Mark.  By

YALDO LAW, PLLC
500 S. OLD WOODWARD, SECOND FLOOR
BIRMINGHAM, MI 48009 (248) 645-5300

4

committing the acts alleged herein, Defendant has intentionally, knowingly, and willfully infringed Plaintiff's Mark in violation of 15 U.S.C. §1114.

20.     Plaintiff has suffered harm for which there is not an adequate remedy at law, unless Defendant is permanently enjoined by this Court from using the Mark

21.     As a direct and proximate result of Defendant's infringing acts, Plaintiff has suffered damages in an amount that will be established at trial.

## VI. SECOND CAUSE OF ACTION

### Federal Trademark Dilution

22.     Plaintiff re-alleges and incorporates by reference each and every allegation of paragraphs 1-21 of this Complaint as if fully set forth herein.

23.     The Mark is famous within the meaning of 15 U.S.C. §1125(c) and is inherently distinctive and has acquired distinctiveness. The Mark is used in a variety of context[2], but most prominently used in connection with Plaintiff's song "Welcome to the D" by his band the Slight Return. Plaintiff has been using the Mark to promote his band and music since 2006through the sale of clothing, namely shirts and hats. Therefore, based on approximately 10 years of extensive use of the Mark across various forms of media (print, clothing, music, and internet), Plaintiff's Mark has acquired famous status.

24.     Plaintiff has extensively and exclusively used the Mark in interstate commerce.

25.     Defendant's actions in connection with the Misuse have caused irreparable injury to Plaintiff by diluting the Mark's distinctive quality in violation of 15 U.S.C. §1125(c).

[2] *See previously listed registrations.*

YALDO LAW, PLLC
500 S. OLD WOODWARD, SECOND FLOOR
BIRMINGHAM, MI 48009 (248) 645-5300

Defendant's use of the Mark has diluted the distinctive quality of the Mark and diminished the power of the Mark to identify and distinguish Plaintiff's goods.

26.     As a direct result of Defendant's misappropriation of the Mark, Plaintiff has suffered irreparable harm to the value of the Mark.  The acts complained of herein constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

27.     Plaintiff has suffered irreparable harm for which there is not an adequate remedy at law, unless Defendant is permanently enjoined by this Court from using the Mark.

28.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered damages in an amount that will be established at trial.

## VII. THIRD CAUSE OF ACTION

### False Designation of Origin 15 U.S.C. § 1125

29.     Plaintiff re-alleges and incorporates by reference each and every allegation of paragraphs 1-28 of this Complaint as if fully set forth herein.

30.     Defendant has knowingly used the Mark in connection with the events, services, and products that Defendant promotes and sells.  Defendant's acts in connection with the Misuse are likely to confuse, mislead, or deceive the consuming public as to origin, source, sponsorship, or affiliation of Defendant's products and services, and are likely to cause such persons to believe in error that Defendant's products and services have been authorized, sponsored, endorsed, approved, or licensed by Plaintiff.

31.     Defendant's acts constitute false or misleading descriptions, false advertising, and false designations of the origin of Defendant's goods and services in violation of 15 U.S.C. § 1125 (a).  As a result, Plaintiff has suffered irreparable harm to value of the Mark.

YALDO LAW, PLLC
500 S. OLD WOODWARD, SECOND FLOOR
BIRMINGHAM, MI 48009 (248) 645-5300

32.     Plaintiff has suffered irreparable harm as a result of Defendant's misuse of the Mark for which there is not an adequate remedy at law, unless Defendant is permanently enjoined by this Court from using the Mark.

33.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered damages in an amount that will be established at trial.

## VIII. FOURTH CAUSE OF ACTION

### Common Law Trademark Infringement

34.     Plaintiff re-alleges and incorporates by reference each and every allegation of paragraphs 1-37 of this Complaint as if fully set forth herein.

35.     Plaintiff was the first to use the "Welcome to the D" mark or any marks similar thereto in connection with the sale of any product or service.  As a result, Plaintiff owns all rights, title, and interest in and to the Mark, including all common law rights in such marks.

36.     Defendant's unauthorized use of the Mark in connection the Misuse constitutes trademark infringement in violation of the common law of the State of Michigan.

37.     Defendant's acts complained of herein were done with full knowledge and intentional disregard for Plaintiff's rights in the Mark.  Defendant's acts have caused confusion in Michigan as to the source of Defendant's goods and services.

38.     By reason of Defendant's actions, Plaintiff has suffered irreparable harm for which there is not an adequate remedy at law, unless Defendant is permanently enjoined by this Court from using the Mark.

39.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered damages in an amount that will be established at trial.

7

## IX. FIFTH CAUSE OF ACTION

### Unfair Competition under Michigan Common Law

40.     Plaintiff re-alleges and incorporates by reference each and every allegation of paragraphs 1-39 of this Complaint as if fully set forth herein.

41.     Defendant simulated Plaintiff's Mark and substituted Defendant's products and service for those of Plaintiff, thereby deceiving and misleading the public.

42.     The actions of the Defendant's in connection with the Misuse of Plaintiff's Mark constitute unfair competition as a matter of Michigan common law.

43.     As a result of Defendant's actions, Plaintiff has suffered damage to its reputation and loss of business due to Defendant's unfair practices.

44.     By reason of Defendant's actions, Plaintiff has suffered irreparable harm for which there is not an adequate remedy at law, unless Defendant is permanently enjoined by this Court from using the Mark.

45.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered damages in an amount that will be established at trial.

## X. PRAYER OF RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in its favor against Defendant as follows:

a.     Defendant's unauthorized use of the Mark infringes Plaintiff's intellectual property rights;

b.     Defendant's unauthorized use of the Mark dilutes Plaintiff's Mark;

YALDO LAW, PLLC
500 S. OLD WOODWARD, SECOND FLOOR
BIRMINGHAM, MI 48009 (248) 645-5300

8

c.      Preliminarily and permanently enjoining Defendant, its successors, officers, agents, and employees, and anyone acting in concert with or acting at the direction of any of them from:

     (1) Using the Mark or any confusingly similar designation, in connection with the promotion, advertising, or sale of the Defendant's goods and services;

     (2) Doing any other act that is likely to confuse or mislead others into believing that the Defendant, or its goods or services, are approved by or associated with Plaintiff;

     (3) Competing unfairly with Plaintiff in any manner, including unlawfully using any marks that are confusingly similar to Plaintiff's marks; and

     (4) Conspiring, aiding, or abetting, any other person or entity from performing any of the activities referred to in subparagraphs (1)-(3) above.

d.      Ordering that all labels, signage, prints, advertisements, accessories, and any other materials in Defendant's possession or control that depict or make reference to any of the Mark or any imitation thereof be destroyed, and the Mark and any imitation thereof be removed from all Internet websites, online advertising; marketing, searching engines, or other online materials pursuant to 15 U.S.C. § 1118;

e.      Ordering any such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold, or otherwise circulated or promoted by Defendant is authorized by Plaintiff or related in any way to Plaintiff's products or services.

f.      Ordering Defendant to file with Court and serve on Plaintiff, within 30 days after the entry and service of this injunction, a written report, sworn under oath, setting the forth the manner and form in which Defendant has complied with the injunction.

YALDO LAW, PLLC
500 S. OLD WOODWARD, SECOND FLOOR
BIRMINGHAM, MI 48009 (248) 645-5300

g.      Awarding Plaintiff compensation for all damages and harm it has sustained as a result of Defendant's infringement, dilution and unfair competition in connection with the First and Second Misuse.

h.      Awarding Plaintiff treble damages resulting from Defendant's willful and intentional conduct pursuant to 15 U.S.C. § 1117 and Michigan law;

i.      Assessing and awarding Plaintiff its attorneys' fees and costs incurred in this action against Defendant pursuant to 15 U.S.C. § 1117 and Michigan law; and

j.      Ordering or awarding any other relief that the Court deems just and proper.

<div style="margin-left:50%">

Respectfully submitted,
YALDO LAW, PLLC

s/ Scott S. Yaldo
Scott S. Yaldo (P51245)
Janelle M. Sharrak (P76949)
500 S. Old Woodward,
Second Floor
Birmingham, MI 48009
(248) 645-5300

</div>

Dated: August 31, 2016

YALDO LAW, PLLC
500 S. OLD WOODWARD, SECOND FLOOR
BIRMINGHAM, MI 48009 (248) 645-5300